IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
      Respondent, )
) Civil Action No. 09-20
v. ) Criminal Action No. 04-172
)
ROBERT PALADINO, )
      Petitioner.

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                 March 5, 2009

      This is an action to vacate sentence. On November 17, 2006, Robert Paladino pled guilty to one count of distribution of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(1). On April 20, 2007, this court sentenced petitioner to 121 months incarceration to be followed by ten years supervised release. Petitioner has now filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [crim. doc. no. 91].

      Petitioner asserts claims that his trial counsel provided ineffective assistance of counsel. The government responds that (1) petitioner waived his right to file a motion to vacate sentence, and (2) petitioner was not denied the effective assistance of counsel. For the reasons that follow, petitioner's motion to vacate sentence will be denied.[1]

---

[1] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on our
(continued...)

Petitioner pled guilty pursuant to a written plea agreement [crim. doc. no. 60]. The plea agreement states that petitioner waives the right to take a direct appeal from his conviction or sentence, subject to certain exceptions not implicated here, and that he:

> further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

[Crim. Doc. No. 60 at ¶13]. Waivers such as this will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); United States v. Khattak, 273 F.3d 557, 561-62 (3d Cir. 2001).

Despite the presence of this waiver, petitioner appealed his sentence to the Court of Appeals for the Third Circuit. The Court of Appeals for the Third Circuit enforced the waiver and affirmed petitioner's sentence because it found that the waiver was "knowing and voluntary" and that "enforcing it would not work a miscarriage of justice." United States v. Paladino, No. 07-2355, 286 Fed.Appx. 803, 804 (3d Cir. 2008).

---

[1](...continued)
review of the motion and response thereto, along with the record, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

Before the court is petitioner's section 2255 motion to vacate sentence alleging that he was denied the effective assistance of counsel. As with his appeal to the Court of Appeals for the Third Circuit, his ability to file a section 2255 motion to vacate sentence is limited by the waiver in his plea agreement. The record shows that, during petitioner's sentencing colloquy, this court reviewed the plea agreement with him at length and that petitioner knowingly and voluntarily entered the plea with an understanding of its consequences. This determination was affirmed by the Court of Appeals for the Third Circuit. Id. Moreover, as the Court of Appeals for the Third Circuit has already determined, enforcing the plea agreement will not work a miscarriage of justice. Id.; see also Mabry, 536 F.3d at 243.

Accordingly, we find that petitioner's waiver is binding and, therefore, IT IS HEREBY ORDERED that petitioner's motion to vacate sentence [crim. doc. no. 91] is DENIED.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record

Robert Paladino, #08133-068
FCI-Seagoville
PO Box 9000
Seagoville, TX 75159-9000